IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY KUSHELOWITZ and KERRI BALDWIN, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br> -against-<br><br>TEVA PHARMACEUTICALS, USA, INC., a Delaware corporation.<br><br>       Defendant. | Case No. _____<br><br>CLASSAND COLLECTIVE ACTION COMPLAINT |

Plaintiff, BARRY KUSHELOWITZ ("Kushelowitz"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against TEVA PHARMACEUTICALS, USA, INC. ("Teva"), seeking all available relief under New York Labor Law ("NYLL") Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq.*, and supporting New York State Department of Labor regulations.  In addition, Plaintiff KERRI BALDWIN ("Baldwin"), individually and on behalf of all others similarly situated, brings this Collective Action Complaint against Teva, seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, and supporting United States Department of Labor regulations. The following allegations are based on personal knowledge and are made on information and belief as to the acts of others.

## SUMMARY OF CLAIMS

1. Plaintiff Kushelowitz brings this action for recovery of unpaid overtime compensation as a class action pursuant to New York Labor Law.

2. Plaintiff Baldwin brings this action for recovery of unpaid overtime compensation as a collective action pursuant to the FLSA.

1

3. Defendant Teva is "a global leader in generics and biopharmaceuticals." https://www.tevausa.com/about-teva/article-pages/company-profile/ (last viewed December 28, 2022).

4. Plaintiffs Kushelowitz and Baldwin (collectively, "Plaintiffs") were employed by Defendant as Sales Specialists ("SSs").

5. As new employees, Plaintiffs worked in Defendant's mandatory training program for all SSs.

6. During the training period, Defendant classified Plaintiffs, along with all other SSs, as exempt from overtime and therefore failed to pay any overtime to Plaintiffs and the similarly situated SSs.

7. Plaintiffs and all other similarly situated SSs were required to work more than 40 hours in a workweek while employed by Teva as SSs during their training period in order to complete their job duties. However, as a result of Teva's policies and/or practices, Teva failed to pay Plaintiffs and the similarly situated SSs overtime at the required rate of time-and-one-half for all hours worked in excess of forty (40) in a work week.

8. Teva's systematic failure and refusal to pay Plaintiffs and all other similarly situated SSs for all hours worked over forty (40) in a workweek while in training violates the FLSA and NYLL.

9. As a result of its unlawful policies and practices, Defendant fails to provide Plaintiffs and the similarly situated SSs with accurate wage statements.

10. Plaintiff Kushelowitz seeks full compensation on behalf of himself and the members of the New York Class (as defined, *infra*) for all unpaid overtime, including liquidated damages under New York law. Kushelowitz also seeks declaratory and injunctive relief.

Kushelowitz additionally seeks reasonable attorneys' fees and costs under the NYLL, along with pre-judgment interest.

11. Plaintiff Baldwin seeks full compensation on behalf of herself and the members of the FLSA Collective (as defined, *infra*) for all unpaid overtime, including liquidated damages under the FLSA. Baldwin also seeks declaratory and injunctive relief. Baldwin additionally seeks reasonable attorneys' fees and costs under the FLSA, along with pre-judgment interest.

## JURISDICTION AND VENUE

12. This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the New York state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

13. Venue in this district is proper pursuant to 28 U.S.C. § 1391. At all material times, Defendant's headquarters and principal place business is in New Jersey and within the geographic location encompassing the District of New Jersey.

## PARTIES

*Plaintiff Barry Kushelowitz*

14. Kushelowitz resides in New York, New York. From approximately March 2019 through approximately May 2019, Kushelowitz was employed as an SS in Teva's training program in New York, New York.

15. Throughout his employment as an SS with Teva, Kushelowitz regularly worked more than forty (40) hours in a workweek while in training. The work he performed was at the direction and benefit of Teva. In addition to coursework, Teva required Kushelowitz to study and complete all training exams.

16. Pursuant to Teva's policy of misclassifying all SSs as exempt, Kushelowitz was not paid overtime compensation for the hours he worked over forty (40) in a workweek.

17. Kushelowitz regularly worked more than forty (40) hours in a workweek for Teva's benefit.

*Plaintiff Kerri Baldwin*

18. Baldwin resides in Lawrenceville, Georgia. From approximately April 2020 through approximately October 2021, Baldwin was employed as an SS in Teva's training program in Lawerenceville, Georgia.

19. Throughout her employment as an SS with Teva, Baldwin regularly worked more than forty (40) hours in a workweek while in training. The work she performed was at the direction and benefit of Teva. In addition to coursework, Teva required Baldwin to study and complete all training exams.

20. Pursuant to Teva's policy of misclassifying all SSs as exempt, Baldwin was not paid overtime compensation for the hours she worked over forty (40) in a workweek.

21. Baldwin regularly worked more than forty (40) hours in a workweek for Teva's benefit.

22. Baldwin's written consent to join this action is attached. *See* Exhibit A.

*Defendant Teva Pharmaceuticals, USA, Inc.*

23. Teva is a Delaware corporation with its principal place of business in Parsippany, New Jersey.

24. At all relevant times, Teva employed or acted in the interest of an employer towards Plaintiffs and other similarly situated current and former SSs and, among other things, maintained control, oversight and direction over Plaintiffs and other SSs, including with respect to

timekeeping, payroll and other employment practices that applied to them.

25. Teva applies the same employment policies, practices, and procedures to all SSs nationwide.

26. Teva is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiffs, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

27. At all relevant times, Teva has had gross revenues exceeding $500,000.00 for all relevant time periods.

28. At all relevant times, Teva has done business under the laws of the State of New Jersey, has places of business in the State of New Jersey, including in this judicial district, and has employed SSs in this judicial district.

29. Teva is a an "employer" as that term is used in the FLSA and NYLL.

## COMMON FACTUAL ALLEGATIONS

30. Teva is "a global pharmaceutical company, committed to helping patients around the world to access affordable medicines and benefit from innovations to improve their health. . . . [Teva's] mission is to be a global leader in generics, specialty medicines and biopharmaceuticals, improving the lives of patients." Teva Form 10k, https://d18rn0p25nwr6d.cloudfront.net/CIK-0000818686/3618a206-4439-4dd4-9f28-829638e583da.pdf (last viewed December 28, 2022).

31. As part of its business model, Teva relies heavily on its Sales Specialists (SSs): "[b]randed generic products are actively promoted and a sales force is necessary to create and maintain brand awareness." *Id*.

32. Teva requires all newly hired SSs to complete a rigorous training program comprised of coursework and examinations.

33. If SSs do not satisfactorily complete their training and pass all required exams, they are subject to adverse employment action, up to and including termination.

34. Pursuant to a centralized, company-wide policy, pattern and/or practice, Teva classified all SSs as exempt from coverage of the overtime provisions of the FLSA and New York law, including during their training period.

35. Although SSs regularly spend a significant amount of time beyond forty (40) hours per week completing training, including coursework and necessary exam preparation completed from home, Teva does not pay them for this overtime work.

36. Consistent with Teva's policy and/or practice, Plaintiffs and the members of the New York Class and FLSA Collective regularly worked in excess of forty (40) hours per workweek without being paid overtime compensation.

37. Plaintiffs' and the New York Class and FLSA Collective members' work as SSs was performed in the normal course of Teva's business and was integral to Teva's business.

38. The work performed by Plaintiffs and the New York Class and FLSA Collective members constitutes compensable work time under the FLSA and New York law and was not preliminary, postliminary or *de minimus*

39. Pursuant to corporate policy, Teva classifies its SSs as exempt from overtime pay requirements even though, and in contravention of New York law and the FLSA, Plaintiffs and other SSs are in training. This violates the FLSA and the analogous NYLL, as trainees do not qualify for any exemption under the law. *See* 29 C.F.R. § 541.705 ("[t]he executive, administrative, professional, outside sales and computer employee exemptions do not apply to

employees training for employment in an executive, administrative, professional, outside sales or computer employee capacity").

40. Teva's unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Teva's centralized, company-wide policy and/or practice of attempting to minimize labor costs by violating the New York law and FLSA.

41. Due to the foregoing, Teva's failure to pay overtime wages for work performed by Plaintiffs and the New York Class and FLSA Collective members in excess of forty (40) hours per week was willful.

42. Defendant's conduct was knowing, willful, carried out in bad faith, and caused significant damages to Plaintiffs and putative New York Class and FLSA Collective members in an amount to be determined at trial. Defendant did not take requisite steps to ensure that Plaintiffs and putative New York Class and FLSA Collective members were paid for all time worked.

43. Teva's unlawful conduct has been widespread, repeated, and consistent.

44. All work performed by Plaintiffs and the members of the New York Class and FLSA Collective was assigned by Teva, who is aware of the work that performed.

45. Plaintiffs are informed, believe, and thereon allege that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the putative New York Class and FLSA Collective members and throughout Defendant's operations in New York and the United States.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23

46. Plaintiff Kushelowitz brings the First through Third Causes of Action (the New

7

York Class Claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> All current and former employees of Defendant working as Sales Specialists throughout the State of New York during the time period from August 19, 2016 through until resolution of this action.[1]

(the "New York Class").

47. **Numerosity**: Defendant has employed potentially hundreds of Sales Specialists during the applicable statutory period. The number of New York Class members are therefore far too numerous to be individually joined in this lawsuit.

48. **Existence and Predominance of Common Questions**: There are questions of law and fact common to Plaintiff Kushelowitz and the New York Class members that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

a. Whether Defendant employed Plaintiff Kushelowitz and the New York Class members within the meaning of the NYLL;

b. Whether Defendant failed to pay Plaintiff Kushelowitz and the New York Class members for all of the hours they worked;

c. Whether Defendant failed to pay Plaintiff Kushelowitz and the New York Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the NYLL and the regulations promulgated thereunder;

d. Whether Defendant is liable for all damages claimed by Plaintiff Kushelowitz and the New York Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees;

e. Whether Defendant complied with the record keeping requirements of the NYLL; and

f. Whether Defendant should be enjoined from continuing to violate the NYLL in the future.

---

[1] The parties executed a tolling agreement on August 25, 2022 ("Tolling Agreement") which tolled the statute of limitations for the New York Class and FLSA Collective's claims, effective August 19, 2022.

49. **Typicality**: Plaintiff Kushelowitz's claims are typical of the claims of the New York Class. Defendant's common policies, practices, and course of conduct in violation of law as alleged herein have caused Kushelowitz and the New York Class members to sustain the same or similar injuries and damages. Plaintiff Kushelowitz's claims are thereby representative of and co-extensive with the claims of the New York Class.

50. **Adequacy**: Plaintiff Kushelowitz will fairly and adequately represent and protect the interests of the New York Class because his interests do not conflict with the interests of the members of the New York Class he seeks to represent. Plaintiff Kushelowitz has retained Counsel competent and experienced in complex employment and wage and hour class action litigation and intends to prosecute this action vigorously. Plaintiff Kushelowitz and his Counsel will fairly and adequately protect the interests of the New York Class.

51. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all New York Class members is not practicable, and questions of law and fact common to Plaintiff Kushelowitz and putative New York Class members predominate over any questions affecting only individual members of the New York Class. The injury suffered by each New York Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

52. In the alternative, the New York Class may be certified because the prosecution

of separate actions by the individual members of the New York Class would create a risk of inconsistent or varying adjudication with respect to individual members of the New York Class, and, in turn, would establish incompatible standards of conduct for Defendant.

53. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

54. Plaintiff Kushelowitz knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

55. Plaintiff Kushelowitz intends to send notice to all New York Class members to the extent required under applicable class action procedures. Plaintiff Kushelowitz contemplates providing a notice or notices to the New York Class, as approved by the Court. The notice or notices shall, among other things, advise the New York Class that they shall be entitled to "opt out" of the class certified for the New York Class if they so request by a date specified within the notice, and that any judgment on the New York Class, whether favorable or not, entered in this case will bind all New York Class members except those who affirmatively exclude themselves by timely opting out.

## COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff Baldwin brings the Fourth Cause of Action (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and a proposed collection of similarly situated employees defined as:

> All current and former employees of Defendant working as Sales Specialists throughout the United States during the time period from August 19, 2019 through until resolution of this action.

(the "FLSA Collective").

57. Plaintiff Baldwin and other SSs are similarly situated in that they have

substantially similar job duties and are subject to, common and widespread compensation policies and/or practices.

58. Inasmuch as Teva is a substantial corporate entity aware of its obligations under the FLSA, it acted willfully or recklessly in failing to classify Plaintiff Baldwin and other similarly situated SSs as non-exempt employees.

59. As further evidence of its willful or reckless failure to classify Plaintiff Baldwin and other similarly situated SSs – and notwithstanding being a substantial corporate entity aware of its legal obligations – Teva has uniformly failed to (1) accurately track or record actual hours worked by SSs; and (2) provide SSs with a method to accurately record the hours actually worked.

60. Teva was or should have been aware that federal law required it to pay employees performing non-exempt duties – in this case, training -- an overtime premium for hours worked in excess of forty (40) per week.

61. Upon information and belief, and as part of its regular business practices, Teva has intentionally, willfully and repeatedly engaged in a practice and/or policy of violating the FLSA with respect to Plaintiff Baldwin and the FLSA Collective members.  This policy and/or practice includes but it is not limited to:

   a.  willfully misclassifying Plaintiff Baldwin and the FLSA Collective members as exempt from the requirements of the FLSA; and

   b.  willfully failing to pay Plaintiff Baldwin and the FLSA Collective members overtime wages for hours that they worked in excess of forty (40) hours per week.

62. Plaintiff Baldwin is the representative of the members of the FLSA Collective and is acting on behalf of their interests as well as her own interests in bringing this action.

63. Plaintiff Baldwin will fairly and adequately represent and protect the interests of the members of the FLSA Collective.  Plaintiff Baldwin has retained counsel competent and

experienced in employment and wage and hour class action and collective action litigation.

64. The similarly situated members of the FLSA Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

65. Plaintiff Baldwin contemplates providing a notice or notices to all members of the FLSA Collective, as approved by the Court. The notice or notices shall, among other things, advise each of the SSs that they shall be entitled to "opt in" to the collective action if they so request by the date specified within the notice, and that any judgment on the collective action, whether favorable or not, entered in this case will bind all FLSA Collective members who timely request inclusion in the FLSA Collective.

**FIRST CAUSE OF CTION**
**NYLL - Unpaid Overtime**
**NYLL Article 6, § 190 *et seq.* and Article 19, § 650 *et seq.***
**(By Plaintiff Kushelowitz Individually and on behalf of the New York Class)**

66. Plaintiff Kushelowitz, on behalf of himself and all members of the New York Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

67. At all relevant times, Defendant has been an "employer" within the meaning of N.Y. Lab. Law §§ 190, 651.

68. At all relevant times, Defendant employed SSs, including Plaintiff Kushelowitz and each of the members of the New York Class, within the meaning of N.Y. Lab. Law §§ 190, 651.

69. NYLL requires an employer, such as Defendant, to pay overtime compensation

to all non-exempt employees. During their training period, Plaintiff Kushelowitz and all members of the New York Class are not exempt from overtime pay requirements under NYLL.

70. At all relevant times Defendant had a policy and practice of failing and refusing to pay overtime pay to Plaintiff Kushelowitz and members of the New York Class for their hours worked in excess of forty (40) hours per workweek during their training.

71. By failing to pay wages earned and due to Plaintiff Kushelowitz and members of the New York Class for their hours worked in excess of forty hours per workweek, Defendant has violated N.Y. Labor Law Article 6, §190 *et seq.*, Article 19, § 650 *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. These violations were willful within the meaning of N.Y. Labor Law §§ 198, 663.

72. Plaintiff Kushelowitz, on behalf of himself and members of the putative New York Class, seeks damages in the amount of the respective unpaid wages earned and due at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as provided by N.Y. Labor Law Article 6, §190 *et seq.*, Article 19, § 650 *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2, and such other legal and equitable relief as this Court deems just and proper.

73. Plaintiff Kushelowitz, on behalf of himself and members of the New York Class, seeks recovery of attorneys' fees and costs of this action to be paid by Defendant as provided by N.Y. Lab. Law §§ 198, 663.

### SECOND CAUSE OF ACTION
### NYLL – Failure to Provide Wage Notices
### (By Plaintiff Kushelowitz Individually and on Behalf of the New York Class)

74. Plaintiff Kushelowitz, on behalf of himself and all members of the New York Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

75. Defendant has willfully failed to supply the New York Plaintiff and the members of the New York Class with wage notices at the time of their hire, as required by the NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, containing their hourly rate or rates of pay and overtime rate of rates of pay, if applicable.

76. Through its knowing or intentional failure to provide Plaintiff Kushelowitz and the New York Class Members with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

77. Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff Kushelowitz and New York Class Members are entitled to statutory penalties of $50 for each workday that Defendant failed to provide them with wage notices, or up to a total of $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

### THIRD CAUSE OF ACTION
### NYLL – Failure to Provide Accurate Wage Statements
### (By Plaintiff Kushelowitz Individually and on Behalf of the New York Class)

78. Plaintiff Kushelowitz on behalf of himself and all members of the New York Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendant has willfully failed to supply Plaintiff Kushelowitz and New York Class with accurate statements of wages as required by the NYLL, Article 6, § 195(3), containing the tip allowance claimed as part of the minimum wage.

80. Through their knowing or intentional failure to provide Plaintiff Kushelowitz and the New York Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department

of Labor Regulations.

81. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), after 2015, Plaintiff Kushelowitz and New York Class are entitled to statutory penalties of $250 for each workweek that Defendant failed to provide them with accurate wage statements, or a total of up to $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

**FOURTH CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act – Unpaid Overtime**
**(By Plaintiff Baldwin Individually and on behalf of the FLSA Collective)**

82. Plaintiff Baldwin realleges and incorporates the foregoing paragraphs as though fully set forth herein.

83. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week.  29 U.S.C. § 207(a)(1).

84. At all times material herein, Plaintiff Baldwin and the FLSA Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA.

85. Defendant is a covered employer required to comply with the FLSA's mandates.

86. Defendant has violated the FLSA with respect to Plaintiff Baldwin and the FLSA Collective, by, inter alia, failing to compensate Plaintiff Baldwin and the FLSA Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage.  See 29 U.S.C. § 206; 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff Baldwin and the FLSA Collective.  29 U.S.C. § 211(c).

87. Plaintiff Baldwin and the FLSA Collective are victims of a uniform and company-wide compensation policy of failing to pay overtime based upon the decision to misclassify SSs

as exempt during their mandatory training period. This uniform policy, in violation of the FLSA, has been applied to current and former SSs who worked for Defendant, working in offices throughout the United States.

88. Plaintiff Baldwin and the FLSA Collective are entitled to damages equal to the mandated pay, including straight time, and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

89. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff Baldwin and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

90. As a result of the aforesaid violations of the FLSA's provisions, pay, including straight time and overtime compensation, has been unlawfully withheld by Defendant from Plaintiff Baldwin and the FLSA Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Barry Kushelowitz and Kerri Baldwin, the New York Class and the FLSA Collective are entitled to, and pray for the following relief:

    a.    Certification of the New York Class pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff Kushelowitz and his counsel to represent the members of the New York Class;

b. Designation of this action as an FLSA collective action on behalf of Plaintiff Baldwin and the FLSA Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the NYLL and FLSA;

d. An injunction requiring Defendant to cease its unlawful practices under, and comply with the NYLL and FLSA;

e. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the the NYLL and FLSA;

f. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to the NYLL and 29 U.S.C. § 216 and;

g. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h. An award of prejudgment and post-judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

j. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: December 30, 2022	Respectfully Submitted,


/s/ Paolo Meireles
Paolo Meireles
Gregg I. Shavitz*
Tamra Givens*
Shavitz Law Group, P.A.
951 Yamato Road, Suite 285
Boca Raton, FL  33431
(561) 447-8888

**Pro Hac Vice* Application Forthcoming