NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY KUSHELOWITZ, KERRI BALDWIN,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS, USA, INC. and TEVA SALES AND MARKETING, INC.,[1]<br><br>Defendants. | Civil Action No. 22-7599 (SDW) (JRA)<br><br>**OPINION**<br><br>June 29, 2023 |

**WIGENTON**, District Judge.

Before this Court is Defendants Teva Pharmaceuticals, USA, Inc. and Teva Sales and Marketing, Inc.'s ("Defendants") Motion (D.E. 8) to Partially Dismiss Plaintiffs Barry Kushelowitz and Kerri Baldwin's Complaint (D.E. 1 ("Compl.")), pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendants' motion is **DENIED**.

I.  **BACKGROUND AND PROCEDURAL HISTORY**[2]

Defendant Teva Pharmaceuticals, USA, Inc. ("Teva") is a global pharmaceutical company incorporated in Delaware, with its principal place of business in Parsippany, New Jersey. (Compl. ¶¶ 23, 30.) Defendant Teva Sales and Marketing, Inc. is a wholly owned subsidiary of Teva. (D.E.

---

[1] The Clerk of Court shall amend the docket to reflect the parties' agreement to add Teva Sales and Marketing, Inc., as a defendant in this action *nunc pro tunc* as of the date of the filing of the Complaint. (*See* D.E. 25.)

[2] For purposes of the present Motion, the facts are drawn from the Complaint and accepted as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

25 at 2.)³ Plaintiffs are two individuals who worked for Teva in the role of "Sales Specialist." (*Id*. ¶ 4.) When newly hired into this role, they were required to complete a rigorous training program comprised of coursework and examinations, and they regularly worked more than 40 hours per week to complete the necessary coursework and exam preparation. (*Id*. ¶¶ 15, 19, 32–35.) However, Plaintiffs and other Sales Specialist trainees were not paid overtime wages during this training period because Teva had a company-wide policy of classifying them as exempt from overtime pay requirements. (*Id*. ¶¶ 6–7, 15–17, 19–21, 25.) Plaintiffs bring this suit on behalf of themselves and similarly situated Sales Specialists for overtime pay under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (*Id*. ¶¶ 66–90.)

Plaintiff Baldwin completed Teva's Sales Specialist training program in Lawrenceville, Georgia, from approximately April 2020 through October 2021. (*Id*. ¶ 18.) She brings claims arising under the FLSA and seeks to represent an opt-in collective of all "current and former employees of [Teva] working as Sales Specialists throughout the United States" from August 19, 2016, through the resolution of this action (the "FLSA Collective"). (*Id*. ¶¶ 56, 82–90.)

Plaintiff Kushelowitz completed the training program in New York, New York from approximately March through May 2019. (*Id*. ¶ 14.) He brings claims exclusively arising under the NYLL, and seeks to represent an opt-out class of all "current and former employees of [Teva] working as Sales Specialists [in] New York" from August 19, 2016, through the resolution of this action (the "New York Class"). (*Id*. ¶¶ 14, 46, 66–81.)

Plaintiffs filed this putative class and collective action on December 30, 2022, having previously executed a tolling agreement with Teva which tolled the statutes of limitations for their

---

³ Given the lack of agreement as to which entity was Plaintiffs' legal employer, this Court will refer to the parent company, Teva, as the employer for present purposes. (*See* D.E. 1 ¶¶ 3–4; D.E. 8-1 at 6 n.1; D.E. 25.)

FLSA and NYLL claims effective August 19, 2022. (Compl. ¶ 46 n. 1.) In Counts One through Three of the Complaint, Plaintiff Kushelowitz asserts claims on behalf of the New York Class for unpaid overtime wages, failure to provide wage notices, and failure to provide accurate wage statements, in violation of the NYLL and related regulations promulgated by the New York State Department of Labor. (*Id*. ¶¶ 66–81.) In Count Four, Plaintiff Baldwin asserts a claim on behalf of the FLSA Collective for unpaid overtime in violation of the FLSA. (*Id*. ¶¶ 82–90.)

On January 26, 2023, Defendants answered the Complaint, asserting among other affirmative defenses that "[t]he NYLL does not contain any provision or regulation addressing outside salespersons in training, nor has the NYLL expressly adopted 29 C.F.R. § 541.705," and that "Plaintiffs and the purported class and/or collective are exempt from applicable overtime laws." (D.E. 5 at 18.) Defendants subsequently filed the instant motion to dismiss Counts One through Three of the Complaint—the NYLL claims—and the parties timely completed briefing. (D.E. 8, 13, 15.)

## II.  LEGAL STANDARDS

An adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard).

This Court has original jurisdiction over civil actions arising under federal law, such as the FLSA, and it may generally exercise supplemental jurisdiction over state law claims that are "so related" to the claims within its original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. §§ 1331, 1367; *see Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 758 n.8 (3d Cir. 2023). A district court may decline to exercise jurisdiction over a state law claim that "raises a novel or complex issue of State law," that "substantially predominates over the [federal] claim," or that presents "other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

## III. DISCUSSION

Defendants move to dismiss the NYLL claims, asserted in Counts One through Three of the Complaint, for failure to state a claim. (D.E. 8-1 at 9–15.)[4] In the alternative, Defendants argue that the NYLL claims should be dismissed for lack of subject matter jurisdiction and that this Court should decline to exercise supplemental jurisdiction over them as a matter of discretion. (*Id*. at 15–24.) For the following reasons, this Court will deny the instant motion to dismiss as premature, allowing Defendants to renew the motion after some discovery.

### A. Sufficiency of the Claim for Overtime Wages under the NYLL

#### i. Legal Standard

The NYLL requires employers to pay certain minimum wages to their employees, and provides a right of action for any employee who is paid less than the wage required by law. *See*

---

[4] Although Defendants move to dismiss all three NYLL claims for failure to state a claim, Defendants' arguments under Rule 12(b)(6) appear to relate only to Count One, the claim for overtime pay. (*See* D.E. 8-1 at 9–15.) Counts Two and Three concern Defendants' failure to provide accurate wage notices and wage statements, and Defendants' arguments only concern whether or not trainees are exempt from overtime pay requirements under the NYLL. (Compl. ¶¶ 74–81.) However, to the extent Defendants argue that Plaintiffs are not "employees" under *any* provisions of NYLL because they are outside salespeople, this argument is premature for the same reasons stated herein with respect to Count One.

N.Y. Lab. Law §§ 650–52, 663.  The NYLL does not specifically address overtime pay, but New York Department of Labor regulations concerning minimum wage standards incorporate the FLSA into the NYLL, stating that

> [a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 USC 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended[.]

12 N.Y. Comp. Codes R. & Regs. § 142-2.2.  The NYLL and regulations defining "employee" state that an "outside salesperson" is not an employee.  12 N.Y. Comp. Codes R. & Regs. § 142-2.14(c)(5); *see* N.Y. Lab. Law § 651(5)(c).[5]  An "outside salesperson" is defined as

> an individual who is customarily and predominantly engaged away from the premises of the employer and not at any fixed site and location for the purpose of . . . (i) making sales; (ii) selling and delivering articles or goods; or (iii) obtaining orders or contracts for service or for the use of facilities.

*Id*.  New York law does not specifically address individuals who are training for outside sales positions.

Section 7 of the FLSA, which is incorporated by reference into the NYLL, generally requires employers to pay their employees an overtime wage of at least 150% of the employee's regular wage for any hours worked in excess of forty hours per week.  29 U.S.C. § 207(a)(1); *see* 12 N.Y. Comp. Codes R. & Regs. § 142-2.2; *Gold v. New York Life Ins. Co.*, 59 N.Y.S.3d 316, 324 (N.Y. App. Div. 1st Dep't 2017), *rev'd on other grounds by* 32 N.Y.3d 1009 (N.Y. 2018) ("New York has adopted the manner, methods, and exemptions of the FLSA regarding overtime

---

[5] Under New York law, individuals who are exempt from the regular overtime-pay requirement, such as outside salespeople, may still be entitled to overtime pay calculated based on the state minimum wage rather than their regular wage.  *See* 12 N.Y. Comp. Codes R. & Regs. § 142-2.2 (stating that employers shall pay employees subject to certain FLSA exemptions, including the outside sales exception, "overtime at a wage rate of one and one-half times the basic minimum hourly rate"); *see Hayward v. IBI Armored Servs., Inc.*, 954 F.3d 573, 575–76 (2d Cir. 2020) ("[T]he NYLL clearly states that for employees who are exempt from the FLSA [overtime pay requirements,] . . . employers must [nonetheless] provide overtime compensation at a rate of one and one-half times the minimum wage.").

pay.")  However, section 13 of the FLSA exempts many categories of employees from this requirement, including those employed "in the capacity of outside salesman." 29 U.S.C. § 213(a)(1). The FLSA defines a "sale" as "any sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition." 29 U.S.C. § 203(k).  Further definition of the FLSA's outside sales exemption is provided in regulations.  *See* 29 C.F.R. § 541.500–504.  An employee is exempt from overtime pay as an "outside salesman" only if his or her "primary duty" is making sales, or obtaining orders or contracts, and this work is "customarily and regularly" performed "away from the employer's place or places of business"—for example, at the customer's place of business or at customer's homes.  29 C.F.R. §§ 541.500(a), 541.502.

Federal regulations explicitly state that the outside sales exemption does not apply to certain trainees.  *See* 29 C.F.R. § 541.705 (the "Trainee Regulation").  That is, a section titled "Trainees" within a subpart titled "Definitions and Miscellaneous Provisions," provides that the FLSA's outside sales exemption does "not apply to employees training for employment in an . . . outside sales . . . employee capacity *who are not actually performing the duties* of an . . . outside sales . . . employee." *Id*. (emphasis added).  As the United States Department of Labor expressed when the Trainee Regulation was added, it states nothing new, because "[t]he inquiry in all cases simply involves determining whether or not the employee is *actually* performing the duties of an [exempt] employee." 69 Fed. Reg. 22122, 22189 (Apr. 21, 2004) (emphasis added and quotation marks omitted).  The Trainee Regulation merely recognizes and highlights that some "training programs can involve performance of significant nonexempt work. For example, an employee in a management training program of a restaurant who spends the first month of the program washing dishes and the second month of the program cooking does not have a primary duty of management." *Id*.

6

**ii. Analysis**

To state a claim for unpaid overtime wages in violation of the NYLL, plaintiffs must allege that they were employees subject to the NYLL who were not paid overtime for hours worked in excess of 40 hours per week. *See Rosario v. Hallen Constr. Co.*, 183 N.Y.S.3d 849, 849–50 (N.Y. App. Div. 1st Dep't 2023); 29 U.S.C. § 207(a)(1); 12 N.Y. Comp. Codes R. & Regs. § 142-2.2.[6] Dismissal may be warranted where the defendant "conclusively establish[es] a defense as a matter of law," *id*. at 850 (quotation marks omitted), but where there are factual questions regarding the application of an exemption, it is inappropriate to decide that an employee is exempt from NYLL wage requirements at the motion to dismiss stage, *see Anderson v. Ikon Off. Sols., Inc.*, 833 N.Y.S.2d 1 (N.Y. App. Div. 1st Dep't 2007); *cf. Mazzarella v. Fast Rig Support, LLC*, 823 F.3d 786, 790–91 (3d Cir. 2016) (quotation marks omitted) (stating that employers bear the burden to show "plainly and unmistakably" that their employees qualify for an exemption under the FLSA). The question of how employees spend their working time is a question of fact, while the question of whether this work "excluded them from the overtime benefits of the FLSA is a question of law." *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986).

Plaintiffs have adequately stated a claim for failure to pay overtime in violation of the NYLL. (Compl. ¶¶ 66–73.) Plaintiffs allege that they were Teva's employees and that, during the mandatory training period at issue, their work was "comprised of coursework and examinations" and preparing for said examinations, but they were not paid overtime wages. (Compl. ¶¶ 4–5, 14–15, 18–19 32–35.) Plaintiff Kushelowitz was employed in this training program for approximately

---

[6] When discussing New York law, Plaintiffs' brief in opposition to the motion to dismiss primarily cites unpublished decisions of the lowest court of that state, the Supreme Court. (*See* D.E. 13 at 8.) Going forward, the parties should cite precedent of the highest authority available.

two months, and Plaintiff Baldwin was so employed for approximately six months. (*Id*. ¶¶ 14, 18.)[7]

Teva does not dispute that it did not provide the overtime wages that Plaintiffs seek in this action, nor does it dispute Plaintiffs' characterization of the nature of the work during their training period. Rather, Teva argues that Plaintiffs fail to state a NYLL overtime-pay claim because this claim is "premised entirely" on the Trainee Regulation, which has not been incorporated into New York law, and New York law does not have an analogous provision. (D.E. 8-1 at 7.) However, as noted above, the Trainee Regulation merely emphasizes what is already plain from the text of the FLSA's outside sales exemption: If an individual's actual job duties do not fall within the scope of the outside sales exemption, then he or she is not subject to the outside sales exemption—he or she is an ordinary "employee" entitled to overtime pay under the FLSA. *See* 29 C.F.R. §§ 541.500(a), 541.502; *see Gold v. New York Life Ins. Co.*, 730 F.3d 137, 145 (2d Cir. 2013) ("FLSA regulations are explicit that the determination of an employee's exemption status must be based on the specific employee's actual primary duties, not on his or her title or position.")

It is immaterial that the regulations defining the outside sales exemption under the NYLL—which otherwise parallels the FLSA—does not explicitly address trainees, because it is already plain from the text of the NYLL that it is an employee's duties, and not his or her job title, that controls whether he or she is subject to the outside sales exemption. *See* 12 N.Y. Comp. Codes R. & Regs. § 142-2.14(c)(5) (exempting from overtime pay requirements only those who are

---

[7] The lengths of these training periods distinguish the facts here from *Dixon*, the case cited extensively in Defendants' brief, which is not binding authority in any event. *See Dixon v. Zabka*, 2014 WL 6084351, at *17–18 (D. Conn. Nov. 13, 2014) (finding that the employees' single "week of training is merely a small portion of the position as a whole, and because the primary duty of the position is outside sales, the [employees] would be classified as exempt outside sales people" under Connecticut law, but finding a genuine issue of material fact as to whether employees were exempt under the FLSA).

8

"customarily and predominantly" away from the employer's premises making sales); *see Gold*, 730 F.3d 145.

Defendants have failed to show that dismissal is warranted because Plaintiffs are exempt from overtime-pay requirements under the outside sales exemption. Although the job title and brief description of a Sales Specialist in the Complaint suggests that Plaintiffs eventually were engaged in outside sales roles, nothing in the Complaint suggests that their primary duties during the lengthy training period involved being "customarily and predominantly engaged away from the premises of the employer . . . for the purpose of" making sales or obtaining orders or contracts for sales. 12 N.Y. Comp. Codes R. & Regs. § 142-2.14(c)(5).[8] (Compl. ¶ 4, 31.) Moreover, both training programs were apparently at a single location—one in New York, New York, and the other in Lawrenceville, Georgia—and New York's outside sales exemption only applies to salespeople who are "not at any fixed site and location." 12 N.Y. Comp. Codes R. & Regs. § 142-2.14(c)(5). (Compl. ¶¶ 14, 18.)

For all of these reasons, Defendant has failed to show that Plaintiffs' NYLL claims should be dismissed based on the outside sales exemption or the lack of a trainee-specific regulation in New York law. While a court may determine that a plaintiff is exempt from the FLSA's overtime requirements prior to discovery in cases where the parties agree on the plaintiff's job duties, *see Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1140 (2018), that is not the case here. Some discovery on the nature of Plaintiffs' work is needed, and it is premature for this Court to address

---

[8] Given that the NYLL incorporates the FLSA's exemptions into its overtime-pay law, courts addressing NYLL claims typically address the FLSA's definition of the outside sales exemption and not the NYLL's. *See* 12 N.Y. Comp. Codes R. & Regs. § 142-2.2 (requiring overtime pay "subject to the exemptions of" the FLSA); *Gold*, 730 F.3d at 140, 145 (applying only the federal definition); *Marcus v. AXA Advisors, LLC*, 307 F.R.D. 83, 94 (E.D.N.Y. 2015) (comparing the language in the FLSA and NYLL outside sales exemptions and finding them not "meaningfully different"); *Gorey v. Manheim Servs. Corp.*, 788 F. Supp. 2d 200, 205 (S.D.N.Y. 2011) (applying only the federal definition because "New York law governing overtime pay is defined and applied in the same manner as the FLSA" and "there is no relevant difference between the relevant provisions of the FLSA and New York law"). In an abundance of caution, this Court applies the NYLL definition and does not rely on the federal Trainee Regulation for present purposes.

whether Plaintiffs are exempt from the NYLL and FLSA as outside salespeople. *See Icicle Seafoods, Inc.*, 475 U.S. at 714; *Snyder v. Dietz & Watson, Inc.*, 837 F. Supp. 2d 428, 451–52 (D.N.J. 2011) (declining to decide whether plaintiff was subject to an FLSA exemption at motion-to-dismiss stage where pleadings did not clearly identify the scope of his job duties).

### B. Jurisdiction

It is undisputed that this Court has original jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. § 1331, and this Court finds no reason not to exercise supplemental jurisdiction over the clearly related NYLL claims under 28 U.S.C. § 1367. Defendants do not dispute that the FLSA and NYLL claims are sufficiently related, as the same acts are alleged to have violated the two parallel laws. 28 U.S.C. § 1367(a); *see De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003); *Lyon v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995) (finding that "when the same acts violate parallel federal and state laws, the common nucleus of operative facts is obvious"). Defendants' argument that an FLSA opt-in collective action and a state law opt-out class action are "inherently incompatible" has been expressly rejected by the Third Circuit. *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 261–62 (3d Cir. 2012) ("[W]e disagree with the conclusion that jurisdiction over an opt-out class action based on state-law claims that parallel the FLSA is inherently incompatible with the FLSA's opt-in procedure.")[9]

As for the factors set forth in 28 U.S.C. § 1367(c), Defendants assert that this action raises a "novel or complex issue" of New York law without clearly stating what that issue is. 28 U.S.C. § 1367(c)(1). Defendants' Reply Brief suggests that it is the issue of "whether the Trainee Regulation is cognizable under New York law." (D.E. 15 at 8.) However, it is unlikely that this issue would need to be resolved in this action because, as noted above, the Trainee Regulation

---

[9] The cases cited by Defendants in support of this argument all pre-date *Knepper*. (*See* D.E. 8-1 at 16–18.)

merely states what is already plain in the text of the FLSA's outside sales exemption, and Plaintiffs' Complaint does not allege any duties during the training period that would fall within the scope of either the NYLL or FLSA's outside sales exemption. While further discovery may demonstrate that the NYLL claims "substantially predominate[]" over the FLSA claim, that is not apparent on the face of the Complaint.[10] 28 U.S.C. § 1367(c)(2). In sum, this Court finds it appropriate to exercise jurisdiction over the NYLL claims.

### IV. CONCLUSION

For the reasons set forth above, this Court finds that Plaintiffs have sufficiently pled actionable claims under the NYLL over which this Court has jurisdiction. Accordingly, Defendants' Motion to Partially Dismiss the Complaint is **DENIED**. An appropriate order follows.

          /s/ Susan D. Wigenton
       **SUSAN D. WIGENTON, U.S.D.J.**

Orig:      Clerk
cc:        José R. Almonte, U.S.M.J.
            Parties

---

[10] In *De Asencio v. Tyson Foods, Inc.*, the Third Circuit held that a district court should not have exercised supplemental jurisdiction over state law claims brought together with FLSA claims because the state claims squarely presented "two novel and complex questions" of state contract law that had not yet been addressed by the state court and were of great interest to the state, the class asserting state law claims was nearly ten times larger than the class asserting federal claims, and the state law claims required proof of a contract that the FLSA did not require. 342 F.3d 301, 309–12 (3d Cir. 2003). None of those reasons for declining jurisdiction are present here.