<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES
DISTRICT JUDGE

April 23, 2024

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

Paolo C. Meireles
Tamra Givens
SHAVITZ LAW GROUP, P.A.
951 Yamato Rd, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Email: pmeireles@shavitzlaw.com
Email: tgivens@shavitzlaw.com
*Attorneys for Plaintiffs, the Putative FLSA Collective, and the Putative New York Class*

Michael G. Greenfield
Larry J. Rappoport
**STEVENS & LEE, P.C.**
1500 Market Street
East Tower, Suite 1800
Philadelphia, PA 19102
*Attorneys for Defendants*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

**Re:** *Barry Kushelowitz and Kerri Baldwin, on behalf of themselves and all others similarly situated v. Teva Pharmaceuticals, USA, Inc. and Teva Sales and Marketing, Inc.* **Civil Action No. 22-07599 (SDW) (JRA)**

Counsel:

Before this Court is Plaintiff, Kerri Baldwin's Motion to Conditionally Certify Class pursuant to section 16(b) of the Fair Labor Standard Act ("FLSA"). (D.E. 38.) This Opinion is issued without oral argument pursuant to Rule 78. For the reasons discussed below, Plaintiffs' motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are current and former Sales Specialists of Defendant, Teva Pharmaceuticals, USA, Inc. and Teva Sales and Marketing, Inc. (collectively "Teva"). Plaintiffs and all FLSA Collective Members seek unpaid overtime wages resulting from Teva's alleged misclassification of FLSA Collective Members as employees exempt from overtime wages during Teva's mandatory training period at the start of Sales Specialists' employment. (D.E. 38 at 8.) Before Sales Specialists are authorized to sell or promote products, Teva requires them to attend training and pass related assessments with a minimum acceptable score. (*Id.* at 7.) The training is divided into two phases, Phase I is the Home Study whereby Sales Specialists' primary responsibility is to complete online training and course objectives. Sales Specialists do not participate in sales activities during this phase. (*Id.* at 10.) If Sales Specialists do not complete all required Home Study course modules and pass the assessments with the minimum acceptable score, they are subject to termination. (*Id.*) Upon successful completion of Phase I, Sales Specialists progress to Phase II, Sales Academy. During this phase, Sales Specialists' primary responsibility is to complete training modules and Specialists "are not expected nor required to sell/promote Teva's products to health care professionals[.]" (*Id* at 11, 12.) If Sales Specialists do not timely or adequately complete their Sales Academy training, they are subject to termination. (*Id.* at 13.)

In its responses to Plaintiffs first set of interrogatories and throughout its Answer, (D.E. 5), Teva admitted that all Sales Specialists: 1. are classified as exempt during all phases of training. (D.E. 38-8 Nos. 29-32); 2. are required to undergo the same mandatory training. *Id.* at No. 5; 3. are required to undergo the Home Study phase of Teva's mandatory training. *Id.* at Nos. 6, 11; 4. must take module assessments, which are a part of the Home Study phase of Teva's mandatory training. *Id.* at Nos. 7, 9, 12; 5. must obtain a minimum passing score on the module assessments which are part of the Home Study phase. *Id.* at No. 14; 6. must complete the Home Study phase of training before they are eligible for the Sales Academy phase. *Id.* at No. 17; and 7. must complete all module assessments before they are eligible for the Sales Academy. *Id.* at No. 18. Further, in the Sales Specialists' offer letter they were informed that they would "receive a base pay . . . payable in accordance with our standard payroll practices for exempt employees." (D.E. 38-7.)

Plaintiffs initiated this lawsuit on December 30, 2022. (D.E. 1.) Because Teva allegedly classified all Sales Specialists as exempt from overtime pay during training, paid them a base salary during training, and utilize a uniform job description for all Sales Specialist positions, on October 25, 2023, Plaintiff filed the instant motion seeking conditional certification for all Sales Specialists who worked in Teva's mandatory training during the three-year liability period from August 19, 2019 through December 2022. (D.E. 38 at 1.) The parties timely completed briefing. (D.E. 45 & 50.)

### II. LEGAL STANDARD

For an action to properly proceed as a collective action under the FLSA, this Court applies a two-step process. *See Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir.2013). First, this Court makes a "preliminary determination as to whether the named plaintiffs have made a modest factual showing that the employees identified in their complaint are similarly situated."

*Id.* (internal quotation and citation omitted.) If this Court is satisfied with the factual showing, it may grant a conditional certification pending further discovery. After conducting further discovery, the plaintiffs trigger step two of the process by establishing, by a preponderance of the evidence, that they and the plaintiffs who have opted into the collective action are similarly situated.[1] At that point, this Court makes a conclusive determination as to whether each opt-in Plaintiff is in fact similarly situated to the named plaintiff. *See Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 193 (3d Cir.2011), rev'd on other grounds, *Genesis Healthcare Corp. v. Symczyk*, ⸺ U.S. ⸺, 133 S.Ct. 1523, 1527, 185 L.Ed.2d 636 (2013). This conclusive determination is commonly referred to as the "final certification step."

### III.   DISCUSSION

As Plaintiffs are only requesting a conditional class certification at this time, this Court need only determine whether a "modest factual showing" that all the Sales Specialists employed by Teva at the relevant time as outlined in the Complaint appear to be similarly situated. Accordingly, this Court is satisfied that Plaintiffs have met their burden. It is clear from the pleadings and Teva's own admissions that, although assigned to different products and markets, Sales Specialists are required to undergo and successfully complete the same training and are all classified as exempt from overtime pay during such training.

Moreover, this Court is satisfied, at this juncture, that this matter is suitable for collective action. *See Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 498-9 (D.N.J. 2000). It does not appear that significant individualized testimony will be required given the existing admissions of Teva. This issue can be further assessed at the Class Certification stage.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to conditionally certify the collective class is **GRANTED** and the requested notice shall issue. An appropriate order follows.

/s/ Susan D. Wigenton

**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties
         Jose R. Almonte, U.S.M.J.

---

[1] *See Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 78 (D.N.J. 2014).